IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| JUAN M. SEARCY and BEATRIZ SANCHEZ SEARCY,<br><br>          Plaintiffs,<br><br>     v.<br><br>FEDERAL HOME LOAN CORPORATION and WELLS FARGO BANK, N.A.,<br><br>          Defendants. | 2:10-cv-01920-GEB-GGH<br><br><u>ORDER DISMISSING ACTION FOR LACK OF STANDING</u>[*] |

       Wells Fargo Bank, N.A. ("Wells Fargo") and Federal Home Loan Mortgage Corporation ("Freddie Mac") each move separately for an order dismissing Plaintiffs' complaint under Federal Rule of Civil Procedure ("Rule") 12(b)(6), arguing Plaintiffs have failed to state a claim. Plaintiffs oppose both motions. Further, Wells Fargo indicates in its reply brief that the Bankruptcy Court's docket shows that the bankruptcy case from which the reference of Plaintiffs' adversary proceeding was withdrawn "remains open and pending" and therefore the claims remain property of the bankruptcy estate and Plaintiffs lack standing. Since the bankruptcy docket reveals that the bankruptcy case from which reference of Plaintiffs' adversary proceeding was withdrawn has not been closed, Plaintiffs lack standing to litigate their claims.

---

     [*] This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(g).

1

## I. REQUEST FOR JUDICIAL NOTICE

Wells Fargo's motion includes a request that judicial notice be taken of the following documents: 1) the PACER docket of bankruptcy case no. 10-22146-C-7; 2) Amended Schedule B-Personal Property, filed in bankruptcy case No. 10-22146-C-7; and 3) Amended Schedule C-Property Claimed as Exempt, filed in bankruptcy case No. 10-22146-C-7. (Wells Fargo's Request for Judicial Notice in Supp. of Mot. to Dismiss ("Wells Fargo RJN") 2:4-14.) Freddie Mac's motion includes a request that judicial notice be taken of Plaintiffs' voluntary chapter seven bankruptcy petition filed January 29, 2010. (Freddie Mac's Request for Judicial Notice ("Freddie Mac RJN") 2:1-3.) Each judicial notice request is granted since it concerns notice of a bankruptcy court filing that is related to the instant action. See Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice of related matters of public record).

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs filed a chapter seven bankruptcy petition in the Bankruptcy Court in the Eastern District of California on January 29, 2010. (Wells Fargo RJN Ex. A.) The chapter seven trustee issued a "Report of No Distribution" on March 4, 2010, in which he stated that "there is no property available for distribution from [Plaintiffs'] bankruptcy] estate" and certified that Plaintiffs' bankruptcy estate "has been fully administered." Id. An order discharging Plaintiffs' bankruptcy petition was filed on May 10, 2010. Id. However, the bankruptcy case has not been closed. Id.

After the Order Discharging Debtors was filed, the bankruptcy docket shows that on May 14, 2010, Plaintiffs filed an "Amended Summary of Schedules Schedule B Schedule C." Id. Exs. A-C. In amended schedules

2

B and C Plaintiffs listed claims "against Wells Fargo Home Mortgage and the Federal Home Loan Administration for wrongful foreclosure, fraud, deceptive business practices under Business & Professions Code sections 17200 et. seq. and promissory estoppel." Id. Exs. B-C.

On May 9, 2010, a day before the discharge order issued, Debtors filed in the bankruptcy court adversary proceeding complaint No. 10-02258-C. (Wells Fargo RJN Ex. A.) Subsequently, Wells Fargo filed a motion in the United States District Court in which it sought to withdraw the reference of adversary proceeding No. 10-02258-C to the United States Bankruptcy Court. This motion was granted on August 23, 2010. (Order, August 23, 2010, ECF No. 9.) Plaintiffs' adversary proceeding complaint alleges the following claims against Freddie Mac and Wells Fargo: promissory estoppel, fraud, negligent misrepresentation, wrongful foreclosure, and violations of California Business and Professions Code section 17200. Id. Plaintiffs allege these claims arise from the pre-bankruptcy sale of their home at a trustee's sale. Id. Plaintiffs also allege that Wells Fargo "invited" them to participate in the Home Affordable Modification Program and "represented that no foreclosure would take place," but reneged on this "promise" by initiating foreclosure proceedings on May 6, 2009 and selling Plaintiffs' home at a trustee's sale to Freddie Mac on July 30, 2009. Id. Plaintiffs seek to set aside the sale of their home, quiet title to the property, and recover damages. Id.

### III. DISCUSSION

Plaintiffs argue they have standing since "[i]n effect, the trustee has abandoned the claims back to plaintiffs." (Opp'n to Mot. to Dismiss ("Opp'n") 3:22-23.)

Under Rule 17(a), every "action must be prosecuted in the name of the real party in interest." "Because the bankruptcy trustee controls the bankruptcy estate, it is the real party in interest in the [claims] that belong to the estate." <u>Griffin v. Allstate Ins. Co.</u>, 920 F. Supp. 127, 130 (C.D. Cal. 1996). Under 11 U.S.C. 554(c), property that has been properly scheduled and is not otherwise administered is abandoned back to the debtor at the close of the case. Even if Plaintiffs properly scheduled the claims at issue, the Bankruptcy Court has not yet closed case No. 10-22146-C-7, and therefore, the claims could not have been abandoned back to Plaintiffs by operation of law under 11 U.S.C. 554(c). Until the bankruptcy case is closed, the bankruptcy trustee is the real party in interest and Plaintiffs lack standing to assert claims belonging to the bankruptcy estate. Therefore, Plaintiffs' complaint is DISMISSED for lack of standing, and this action shall be CLOSED.

Dated:   October 13, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge